**United States District Court**
**For the District of Massachusetts**

| | |
|---|---|
| **EDDIE AWON,** )<br>            *Plaintiff* )<br> )<br>**v.** )<br> )<br>**Lee Zeldin, Administrator, U.S.** )<br>**Environmental Protection Agency, and The** )<br>**U.S. Environmental Protection Agency,** )<br>            *Defendant* )<br> ) | **Civil No.** |

## COMPLAINT FOR DECLARATORY RELIEF

Eddie Awon, Plaintiff, in the above captioned matter hereby submits the following:

### I.    Jurisdiction and Venue

1. This Court has jurisdiction over this action under the Constitution of the United States and under 28 U.S.C.A. §§ 1331, 1337 and has authority to grant relief requested under 28 U.S.C.A. § 2201.

2. Venue is proper in the United States District Court, District of Massachusetts under 28 U.S.C.A. § 1391(b).

### II.    Parties

3. Plaintiff, Eddie Awon, is an individual with an address of 25 Cypress Drive, Brockton, Massachusetts.

4. Defendant, Environmental Protection Agency is an agency of the United States Government with authority to enforce and implement relevant parts of CERCLA, 42 U.S.C.A. §9601 *et seq.*

5. Defendant, Lee Zeldin, is the Administrator of the United States Environmental Protection Agency and is responsible for administration of relevant parts of CERCLA, pursuant to the authority delegated to him by the President of the United States Exec. Order No. 12580, 52 Fed. Reg. 2923 (Jan. 23, 1987). Defendant is only sued in his official capacity.

### III.    Facts

6. 42 U.S.C. §9607(l)(1) provides for a lien on property that "(A) belong to such person; and (B) are subject to or affected by a removal or remedial action."

7. 42 U.S.C. §9607(l)(3) states: "The lien imposed by this subsection shall be subject to the rights of any purchaser, holder of a security interest, or judgment lien creditor whose interest is perfected under applicable State law before notice of the lien has been filed in the appropriate office within the State (or county or other governmental subdivision), as designated by State law, in which the real property subject to the lien is located.  Any such purchaser, holder of a security interest, or judgment lien creditor shall be afforded the same protections against the lien imposed by this subsection as are afforded under State law against a judgment lien which arises out of an unsecured obligation and which arises as of the time of the filing of the notice of the lien imposed by this subsection…..For purposes of this subsection, the terms "purchaser" and "security interest" shall have the definitions provided under section 6323(h) of title 26."

8. 26 U.S.CA. §6323(h)(6) defines purchaser as "a person who, for adequate and full consideration in money or money's worth acquires an interest (other than a lien or security interest) in property which is valid under local law against subsequent purchasers without actual notice.  In applying the preceding sentence for purposes of subsection (a) of this section, and for purposes of section 6324-(A) a lease of property, (B) a written executory contract to purchase or lease property, (C) an option to purchase or lease property or any interest therein, or, (D) an option to renew or extend a lease of property, which is not a lien or security interest shall be treated as an interest in property."

9. The Plaintiff entered into a Purchase and Sale Agreement with a Frederick K. Montgomery to purchase the real property at 243 N. Montello Street, Brockton, MA (hereinafter the "Property").

10. On July 26, 2017, the Plaintiff paid adequate and full consideration for the Property.

11. Upon payment of adequate and full consideration, a quitclaim deed was recorded with the Plymouth County Registry of Deeds perfecting the sale.

12. The quitclaim Deed from Frederick K. Montgomery to Plaintiff was perfected when recorded with the Plymouth County Registry of Deeds on July 26, 2017 at 11:48 AM in Book 48709, Page 60.

13. On even date at 1:47 PM a Notice of Federal Lien Under the Comprehensive Environmental Response, Compensation and Liability Act, as amended ("CERCLA"), 42 U.S.C. §§9601 et seq., indicating a lien "for which this instrument given notice exists in favor of the United States upon al real property

and rights to such property which belong to Federick Montgomery, Sr. and are, have been, or will be subject to, or affected by, the response actions as defined by federal law, at the North Montello Street superfund Site, located in Brockton, Massachusetts, Plymouth County, State of Massachusetts. Such property includes, but is not limited to, that parcel of land with all buildings and improvements thereon, situated at 243 North Montello Street, Brockton, Massachusetts, Plymouth County, State of Massachusetts."

14. At the time of the recording of the so called "Notice of Federal Lien" with the Plymouth County Registry of Deeds Frederick Montgomery did not hold title to 243 North Montello Street, Brockton, Massachusetts.

15. At that time, Plaintiff held title to 243 North Montello Street, Brockton, Massachusetts.

16. Plaintiff is not liable to the United States in a cost recovery action.

17. Plaintiff is not a responsible party or covered person under CERCLA.

<u>**Count I**</u>
<u>**(Facial Violation by CERCLA of the Constitution**</u>
<u>**Denial of Due Process)**</u>

18. Plaintiff repeats and realleges, as is fully set forth herein, each and every allegation contained in paragraphs 1 through 17.

19. The Fifth Amendment to the United States Constitution provides that "no person shall be deprived of life, liberty, or property without due process of law." Due process requires notice and a hearing before a neutral decisionmaker prior to government deprivation of a persons, liberty or property, except in a genuine emergency or other extraordinary circumstances making a pre-deprivation hearing

infeasible. Even where extraordinary circumstances may justify summary deprivation of liberty or property, the Constitution requires, at a minimum, a prompt, meaningful post-deprivation hearing before a neutral decisionmaker.

20. CERCLA's lien provision, 42 U.S.C. §9607(l) "amounts to a deprivation of a significant property interest within the meaning of the due process clause." *Reardon v. U.S.* 947 F.2d 1509, 1518 (1991)

21. The lien allowed by CERCLA "clouds title, impairs the ability to sell or otherwise alienate the property; taints any credit rating; reduces the chance of obtaining a…loan or additional mortgage." *Id.*

22. Additionally, CERCLA "contemplates the filing of a notice of lien well before clean-up procedures are completed, with the result that the lien is not for any sum certain, but for an indefinite amount. This increases the lien's effect on the landowner's property interest, since a potential buyer or mortgage lender could not identify any limit on the governments interest in the property short of its full value." *Id.*

23. "CERCLA…provides for no pre-deprivation proceedings at all-not even….[an] ex parte 'probable cause' hearing." *Id* at 1519.

24. "Nor does CERCLA provide for an immediate post-deprivation hearing. The first hearing the Property owner is likely to get is at the enforcement proceeding, or cost recovery action, brought by the EPA."

25. "CERCLA statute of limitations on liens throws the 'ultimate judicial determination so far into the future as to render it inadequate." *Id* at 1520.

26. "The minimum additional procedural requirements would be notice of an intention to file a notice of lien and provision for a hearing if the property owner claimed that the lien was wrongfully imposed." *Id* at 1522.

27. "CERCLA §9613(h) does not bar federal jurisdiction over the due process claim in this case; that the deprivation caused by the CERCLA lien is significant; that, at least when the landowner has raised a colorable defense, the issues may be quite factual; that the lien statute completely lacks procedural safeguards; that the government has no recognized pre-existing interest in the property; that the statute has no "exigent circumstances" requirement (nor have any such circumstances haven shown in this case)' and that additional procedural requirements are likely to place significant, but no overwhelming, administrative burdens on the government." *Id* at 1523.

28. Here, "the CERCLA lien provisions, by not providing, at the very least, notice and a pre-deprivation hearing to a property owner who claims that the property to be encumbered is not 'subject to or affected by a removal or remedial action,' violate the fifth amendment due process clause." *Id.* at 1523-1524.

## Prayer for Relief

WHEREFORE, Plaintiff requests:

1. A declaratory judgment that the provisions of 42 U.S.C. §9607(l) relating to liens, are unconstitutional.

2. Such other relief as the Court deems just and proper.

Dated:  November 10, 2025

Respectfully submitted,
Eddie Awon,
By his Attorney,


Jason M. Rawlins, Esq.
Rawlins Asack, LLC.
555 Bedford Street, Suite 1
Bridgewater, MA 02324
(508) 470-8888
BBO #666513